IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-CR-30054 |
| | ) |
| JOSEPH ALBERT FUCHS, III, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF DETENTION

**BEATTY, Magistrate Judge:**

This case came before the Court on May 3, 2021 for a detention hearing. The Government moved for detention on the basis that the Defendant posed a danger to the community and that this case is subject to the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant or the safety of the community (*See* Doc. 5). The Defendant argued that he should be released on bond. The pretrial services office interviewed the Defendant on April 26, 2021 and completed a bail report following the interview. The pretrial services office recommends the Defendant be detained pending trial.

Following proffers from both counsel, the Court took the matter under advisement. After careful consideration of the proffers from both parties, and the factual background provided by the pretrial services report, the Court concludes that there is no combination of conditions of release that will reasonably assure the safety of any other person and the community. Accordingly, the Defendant will be ordered detained.

The Court begins with the rebuttable presumption of detention. The presumption can be rebutted by the production of some evidence, but it does not disappear from the analysis. *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Rather, the presumption remains in the case "as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id*. Here, the Court finds that the Defendant has proffered sufficient evidence to rebut the presumption (*e.g.* the home plan outlined in the pretrial report). However, the presumption remains a factor for this Court to consider and this factor certainly weighs against release and in favor of detention.

Under 18 U.S.C. § 3142(g), the Court considers the nature and circumstances of the offense charged, including whether the offense involves, among other things, a minor victim. Here, this factor cuts heavily in favor of detention. The case involves a minor victim. Specifically, the Defendant is charged with: (1) Coercion and Enticement of a Minor under 18 U.S.C. § 2422(b); (2) Travel with Intent to Engage in Illicit Sexual Conduct under 18 U.S.C. § 2423(b); and (3) Engaging in Illicit Sexual Conduct in a Foreign Place under 18 U.S.C. § 2423(c) and (e). The nature and circumstances of the offenses charged are significant; the allegations are that the Defendant traveled from Southern Illinois to the Philippines to have sex with an individual who he knew to be a minor and that he did in fact have sex with the minor while in the Philippines. In short, the Government characterized the instant offense as a "hands on" offense with a live victim.

The Court also considers the weight of the evidence, which appears to be quite strong against the Defendant. While the Bail Reform Act is clear that nothing within it

shall be construed as modifying or limiting the presumption of innocence, *see* 18 U.S.C. § 3142(j), the weight of the evidence remains a factor to consider. The Court is mindful of both of these considerations. Nevertheless, the Government provided a detailed outline during the detention hearing regarding the weight of the evidence. The Government proffered that the Defendant was encountered at O'Hare Airport in Chicago, Illinois preparing to depart on a second trip to the Philippines. According to the Government, the Defendant submitted to an interview at that time, and provided some concerning admissions. The Government also summarized the nature of the communication between the Defendant and the minor victim, obtained through a search warrant of the Defendant's Facebook account. Additionally, the Government outlined the Defendant's travel records corroborate their theory and confirm their timeline. In sum, this factor cuts in favor of detention and against release.

The factors listed under 18 U.S.C. § 3142(g)(3) cut in favor of release. The Defendant has no criminal history and does have a viable home plan in the area. The Defendant, although retired now, had stable employment for 30 years as a special agent for the U.S. Postal Service. The Defendant also noted that he has been aware of this investigation for some time and has not fled or acted in a manner to show he cannot be supervised.

In sum, when the Court considers and weighs the proffers from each party; the factors of 18 U.S.C. § 3142, including the rebuttable presumption; the Court concludes that there is no combination of conditions that will reasonably assure the safety of any

other person or the community. The Government's motion to detain (Doc. 5) is **GRANTED**.

    **IT IS SO ORDERED.**

    **DATED: May 3, 2021**

                                                   **s/Mark A. Beatty**
                                                 **MARK A. BEATTY**
                                                 **United States Magistrate Judge**